# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGLAS LEE HARRISON,<br><br>Defendant. | Criminal Case No. 09-00013<br><br>**ORDER RE:**<br>**MOTION FOR JUDGMENT OF ACQUITTAL** |

This matter is before the court on the Defendant's Motion for Judgment of Acquittal. *See* Docket No. 68. The Defendant claims that the evidence is insufficient to sustain a conviction of the offense of Failure to Register as a Sex Offender. For the reasons set forth below, the motion is **HEREBY GRANTED.**

## I. BACKGROUND

On February 25, 2009, in the District of Guam, DOUGLAS LEE HARRISON ("Defendant") was charged by indictment with one count of Failure to Register as a Sex Offender, under Section 2250(a) of Title 18, United States Code. *See* Docket No. 1. The indictment was subsequently superseded on April 15, 2009 and then again on April 29, 2009. *See* Docket Nos. 35 and 50. Because the Defendant had previously been convicted of the federal offense of possession of child pornography on or about August 2, 2004, the Defendant is considered a "sex offender" and was required to register as a sex offender under the Sex Offender Registration and Notification Act. *See* Docket No.50. However, the Defendant failed

1 | to register and he was subsequently arrested and charged.

The case went to trial on May 6 and 7, 2009. After the close of evidence, Defendant moved for Judgment of Acquittal, under Rule 29(a) of the Federal Rules of Criminal Procedure.

## II. APPLICABLE STANDARDS

Rule 29(a) of the Federal Rules of Criminal Procedure provides that "[a]fter the government closes its evidence or after the close of all evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Further, "[t]he court may on its own consider whether the evidence is insufficient to sustain a conviction." *Id*.

When considering a motion for judgment of acquittal under Rule 29, the court must view the evidence in the light most favorable to the Government. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The relevant question is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could [find] the essential elements of the crime beyond a reasonable doubt." *Id*. (emphasis in original); *see also United States v. Hernandez-Herrera*, 273 F.3d 1213, 1218 (9th Cir. 2001) (judgment of acquittal appropriate if after considering the evidence in the light most favorable to the Government, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt).

If the court decides on the basis of the evidence presented that "reasonable jurors must necessarily have a reasonable doubt as to guilt, the judge must require acquittal, because no other result is permissible within the fixed bounds of jury consideration." *Jackson*, 443 U.S. at 318 n.11 (quotation marks omitted) (*citing* CHARLES ALAN WRIGHT, 2 FEDERAL PRACTICE AND PROCEDURE § 467 (1969 & Supp.1978)).

## III. ANALYSIS

Defendant has moved for judgment of acquittal as to the second superseding indictment, pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure. In order for the Defendant to be found guilty of the crime charged in the superseding indictment, the Government would had to prove each of the following elements beyond a reasonable doubt: (1) the Defendant was

required to register under the Sex Offender Registration and Notification Act; (2) the Defendant is a sex offender by reason of a conviction under Federal law; and (3) the Defendant knowingly failed to register or update a registration as required by the Sex Offender Registration and Notification Act. *See* 18 U.S.C. § 2250(a). The Defendant claims that no jury could find, beyond a reasonable doubt, that he had the *mens rea* necessary to commit the crime alleged– that he acted knowingly, that is, with knowledge.

By the Government's Proposed Jury Instructions, the count of Failure to Register as a Sex Offender, under Section 2250(a) of Title 18, United States Code requires proof that Defendant acted "knowingly"—that is, he was "aware of the act and does not fail to act through ignorance, mistake or accident." Docket No. 42 at 12:4-5. A jury may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted "knowingly." *See* NINTH CIRCUIT MODEL CRIMINAL JURY INSTRUCTIONS ("MODEL INSTRUCTIONS") §5.6; *see also United States v. Gravenmeir*, 121 F.3d 526, 529-30 (9th Cir. 1997) (approving this instruction as an accurate statement of the law for use when the criminal statute does not involve a different state of knowledge).

On July 28, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act of 2006 ("Walsh Act"), Pub.L. No. 109-248. Title I of the Walsh Act, entitled the Sex Offender Registration and Notification Act ("SORNA"), creates a national sex offender registry law. SORNA, defines the term "sex offender" and addresses the various tiers of sex offender status, *see* 42 U.S.C. § 16911. In addition, it requires every jurisdiction to maintain a sex offender registry conforming to the requirements of SORNA. *See* 42 U.S.C. § 16912.

Here, the evidence established that there was– and remains, great confusion regarding the implementation of SORNA and its registration requirements for "sex offenders." In fact, the court finds that it is that confusion which led to the Defendant's failure to register.

Federal Probation Officer John W. San Nicolas ("Officer San Nicolas") testified that on May 8, 2007, he met with the Defendant. At that time, Officer San Nicolas advised the Defendant that the Territory of Guam was unable to accept such registration and had the

Page 3 of 9

Defendant sign a form entitled "United States Probation System Offender Notice and Acknowledgment of Duty To Register as a Sex Offender." *See* Government's Ex. 1. That form included a provision, which the Defendant acknowledged which stated:

> **I am advised that at this time, the Territory of Guam is unable to accept my registration pursuant to the Sex Offender Registration and Notification Act of 2006**. I understand that it is my responsibility to maintain contact with the state registration authorities and my probation officer to determine when such registration can be accepted. I understand my duty to register may continue after the expiration of my federal supervision. I understand that any existing duty to register under state law is not suspended and will remain in effect until the state implements the Sex Offender Registration and Notification Act of 2005. I further understand that if my federal supervision is transferred to another district, my duty to register as required by the Sex Offender Registration and Notification Act of 2006 shall be governed by that district's policy and the laws of that state. I, the undersigned, acknowledge that I have been informed by the probation officer of my duty to register as a sex offender. I understand the registration requirements and that my failure to comply with these requirements may result in revocation of my term of supervision and the commencement of new criminal charges per 18 U.S.C. Section 2250 or any applicable state laws.

Government's Ex. 1. (Emphasis added).

When asked on cross-examination if the advice given to the Defendant in May 2007 was false, Officer San Nicolas responded that it was not. The Government supports Officer San Nicolas' position and argues that when he provided the Defendant that information, the officer was correct about the status of the local law. The status of the local law was simply mistaken. Guam did in fact have a sex offender registry available. In addition, the advice as to whether there was a requirement to register under the federal statute was clearly wrong. The law is very clear that a state or territory's failure to enact the SORNA registration requirement is no defense to the federal charge. The Defendant was required to register as a sex offender, even if on Guam such registration meant that he merely would provide the Guam authorities with his name and address.[1]

---

[1] The court takes judicial notice of *United States v. Mi Kyung Byun,* Criminal Case No. 00-00049, and points out that the very same probation office instructed another Defendant to register as a sex offender with Guam authorities in March 2007, two months before Officer San Nicolas met with the Defendant. After being instructed to register by her Probation Officer, the defendant went to the Superior Court of Guam and registered with the Sex Offender Registry Office. The Defendant in this case could have done the same.

"The fact that the states have not yet met their obligations under SORNA (they have at least until July 27, 2009, to do so) is of no consequence in determining whether it was possible for the Defendant to meet his own obligations under the Act." *United States v. Adkins*, No. 1:07-CR-59 2007, WL 4335457, at *6 (N.D.Ind. Dec.7, 2007)(unreported). "Every district court to confront the issue has held that a defendant could comply with SORNA even when the state in which the defendant was required to register had not yet implemented the federal law." *United States v. Shenandoah*, 572 F. Supp. 2d 566, 579 (M.D.Pa. 2008).

The court finds that had the Defendant been given the correct information in May 2007, he would have registered as a sex offender on Guam. Officer San Nicolas testified that in September 2006, the Defendant spoke to him about his intentions to travel to Hawaii to see his mother. Officer San Nicolas told the Defendant he would have to register as a sex offender in Hawaii. The Defendant followed Officer San Nicolas' instructions and in fact, registered there.

The court notes that the Government itself was and continues to be confused as to the law. Both the initial indictment and the superseding indictment provided for a controlling date in May 2007 as to when the Defendant knowingly failed to register on Guam.[2] The Government's

---

[2] The Indictment provided:

On or about the **8th day of May 2007**, in the District of Guam and elsewhere, the defendant, DOUGLAS LEE HARRISON, a person required to register under the Sex Offender Registration and Notification Act, and a sex offender by reason of a conviction under federal law, did knowingly failed to register. (Emphasis added).

The Superseding Indictment provided:

On or about the **8th day of May 2007**, in the District of Guam and elsewhere, the defendant, DOUGLAS LEE HARRISON, a person required to register under the Sex Offender Registration and Notification Act, and a sex offender by reason of a conviction under federal law, to wit: on or about August 2, 2004 in the District of Guam, DOUGLAS LEE HARRISON, having been convicted in the U.S. District Court in CR 03-00007 of professional of material containing child pornography, and knowingly failed to register. (Emphasis added).

second superseding indictment provided for a date in April 2008.[3] The Government argued that this date was relevant because on or about April 2, 2008, Superior Court of Guam Probation Officer Ruben Payumo ("Officer Payumo") met and informed the Defendant in person[4] that he was required to register on Guam as a sex offender.[5] Therefore, the Defendant was provided with notice as to the registration requirement.

However, based upon the caselaw cited to by the Government there is no notice requirement under SORNA. *See* Docket No. 58 Motion *in Limine*; *United States v. Keleher*, No. 1:07-cr-00332-OWW, 2008 WL 5054116, * 7 (E.D. Cal. Nov. 19, 2008) ("The courts that have addressed the issue [of notice] ... have rejected the notion that SORNA makes notice under Section 16917 a necessary predicate to prosecution.") There was no need to supersede the indictment to provide for a later date in April 2008. As discussed above, pursuant to caselaw, the Defendant was required to register at least in May 2007, when Officer San Nicolas advised him, if not earlier in July 2006 when the Walsh Act was enacted. Even the Government seemingly concedes this point in its motion *in limine* wherein it states: "Defendant should be

---

[3] The Second Superseding Indictment provided:

On or about the **2nd day of April, 2008**, in the District of Guam and elsewhere, the defendant, DOUGLAS LEE HARRISON, a person required to register under the Sex Offender Registration and Notification Act, and a sex offender by reason of a conviction under federal law, to wit: on or about August 2, 2004 in the District of Guam, DOUGLAS LEE HARRISON, having been convicted in the U.S. District Court in CR 03-00007 of professional of material containing child pornography, and knowingly failed to register. (Emphasis added).

[4] When Officer Payumo met the Defendant, his federal supervision had already terminated. It was unclear what jurisdiction a Superior Court of Guam Probation Officer had over the Defendant. This too poses a confusing situation with a non-federal probation officer.

[5] Officer Payumo testified that he met with the Defendant on or about April 2, 2008, and instructed the Defendant that he was required to register on Guam as a sex offender. Apparently, the Defendant told Officer Payumo he wanted to speak to an attorney about the matter and that it was his understanding that because he was moving to the CNMI he was under no duty to register. Further testimony adduced at trial revealed that a few weeks after meeting Officer Payumo, the Defendant moved to Rota. There was no testimony as to when the Defendant may have returned to Guam, if at all.

[sic] also be precluded from arguing that Guam has failed to implement SORNA or failed to create SORNA compliant registry in the year 2007." *See* Docket No. 58, Motion at 2:19-21.

Prior to the beginning of trial, on May 4, 2009, the Government filed a motion *in limine* requesting the court to prohibit the Defendant from referring to or making argument before the jury as to the state of Guam's laws as they existed in May 2007. "Defendant should be precluded from referring or making argument before the jury as to the state of Guam's laws as they existed in May 9, 2007. The status of Guam's laws as they existed one year before the date in question is irrelevant to whether he registered in April 2, 2008, would confuse the issues and mislead the jury." *See* Docket No. 58, Motion at 2:14-17. However, in the midst of the trial, the Government asked for the court to take judicial notice of the status of Guam law and to provide the jury an instruction regarding the status of the law. The Government raises an argument in one instance– only to argue against itself in the next instance. Whether or not and when the Government of Guam enacted a sex offender registry is not at issue. The persistence in making this an issue further evidences the Government's misunderstanding as to the law.

Even the local probation officer, Officer Payumo recognized that there was confusion regarding the implementation of Guam's sex offender registry. Locally, the registry considers sex offenders under three distinct categories based upon the seriousness of the offense. For example, level one would be the classification for the most serious of sex offenders, level two for less serious offenders and level three for the least serious offenders.[6] Under Guam law, Officer Payumo testified that the Defendant would be considered as a Level 1 offender– a classification as a violent sex offender. However, he stated that he was uncomfortable with that classification for the Defendant. So, rather than follow the law Officer Payumo had the Defendant fill out two forms, one form for sex offenders considered at a classification level two and one form for a classification of level three. He is awaiting further guidance from the Attorney General as to

---

[6] SORNA uses a three level tier system, and reserves Tier I classification for the least serious offenders and Tier III is for the most serious.

what further action he should take.[7] It is clear to this court that there is neither a coherent federal nor Government of Guam policy governing the sex offender registry. More importantly, as of this date, there is yet to be established a coordinated federal and Government of Guam protocol governing the sex offender registry. For the full implementation of SORNA such a protocol is imperative.

Notwithstanding the Government's misunderstanding and confusion as to the law, this court is tasked with viewing the evidence in the light most favorable to the government, as required under a Rule 29 motion. *See Jackson*, 443 U.S. at 319 (holding that in considering a motion for judgment of acquittal, the court must view the evidence presented in the light most favorable to the government) *see also United States v. Bahena-Cardenas*, 70 F.3d 1071, 1072-73 (9th Cir. 1995)(whether "any" rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."). The Supreme Court has also made it clear that where no rational trier of fact could find guilt beyond a reasonable doubt, the conviction must be reversed. *Jackson,* 443 U.S. at 317. Where reasonable jurors must necessarily have a reasonable doubt as to guilt, the judge must acquit, " 'because no other result is permissible within the fixed bounds of jury consideration.' " *Id.* at 318 n.11.

Based on a careful review of the evidence that was presented at trial, the court finds there is clearly insufficient relevant evidence, even when viewed in a light most favorable to the government, for a jury to find beyond a reasonable doubt that the Defendant acted knowingly, that is, that the Defendant did not fail to act [register] through ignorance, mistake, or accident. The court finally notes that if the Government, the Federal and local probation offices were all confused– there is a strong likelihood that the Defendant was too. Accordingly, under the circumstances here the court finds the granting of the motion for acquittal is warranted.

**IV. CONCLUSION**

The court finds that the Government failed to present evidence sufficient to support a

---

[7] As a condition of the Defendant's pre-trial release in this case, the Defendant registered as a sex offender with the Superior Court of Guam.

Page 8 of 9

jury's finding beyond a reasonable doubt of the Defendant's guilt on the charge of Failure to
Register as a Sex Offender. Accordingly, the court **GRANTS** the Defendant's motion.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    **Chief Judge**
**Dated: May 15, 2009**